**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5070**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RONDALL DION UPSHAW, a/k/a Ronald Dion Upshaw, a/k/a Christopher Lee Johnson,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (4:11-cr-00052-BO-1)

Submitted:  June 12, 2012          Decided:  June 21, 2012

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rondall Dion Upshaw pled guilty without a plea agreement to possession of ammunition by a convicted felon, 18 U.S.C. § 922(g) (2006). He was sentenced to 120 months in prison. Upshaw now appeals, claiming that the district court erred when it applied the murder cross reference, see U.S. Sentencing Guidelines Manual §§ 2K2.1(c)(1)(A), 2X1.1, 2A2.1 (2010), to calculate his Guidelines range. We affirm.

At sentencing, a detective testified that Upshaw was one of three men hired in Atlanta to travel to North Carolina to kill two persons involved in the drug trade. Upshaw and the others were supplied with guns and money to accomplish their mission. They met the victims under the pretext of conducting a drug transaction. Shooting began at the location of that sham transaction. The victims fled in their car, with Upshaw and his accomplices chasing them in another vehicle. During the chase, shots were fired into the victims' car. When apprehended shortly after his vehicle crashed, Upshaw was in possession of two loaded 9 mm. magazines.

In light of this testimony, we hold that the district court did not clearly err in applying the murder cross reference. A preponderance of the evidence establishes that Upshaw was hired to commit murder, and he possessed the ammunition in an attempt to carry out the murder. See 18 U.S.C.

2

§ 1111 (2006) (defining first degree murder); USSG § 2A2.1(a)(1) (stating that base offense level 33 applies if "object of offense would have constituted first degree murder" if successful).

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED